*In re* METROPOLITAN EL. RY. CO., (*In re* JONES *et al.*)

*In re* NEW YORK EL. R. CO., (*In re* CLARKSON *et al.*)

(*Supreme Court, Special Term, New York County.* October 28, 1889.)

EMINENT DOMAIN—PROCEDURE—PETITION.

Laws N. Y. 1850, c. 140, § 13, (3 Rev. St., 8th Ed., p. 1742,) provides that where any railroad company is unable to purchase necessary realty it may acquire title by certain prescribed special proceedings. Section 14 provides that the company may present a petition to the supreme court, "signed and verified according to the rules and practice of such court," and stating, *inter alia*, that the company has not been

able to acquire title to certain required and described land, and the reason of such inability. There is no rule of the supreme court prescribing how such petitions shall be verified. *Held*, that such a petition might allege the company's inability to obtain title to the land sought to be condemned, on information and belief.

At chambers. Proceedings to condemn lands for elevated railroads.

Laws N. Y. 1850, c. 140, § 13, (3 Rev. St., 8th Ed., p. 1742,) provides that when any railroad company is unable to purchase realty necessary for its purposes it may acquire title by certain prescribed special proceedings. Section 14 provides that the company may present a petition to the supreme court, "signed and verified according to the rules and practice of such court," and stating, *inter alia,* that the company has not been able to acquire title to certain described land required for its purposes, and the reason of such inability.

*Davies & Rapallo,* for petitioners. *Davenport, Smith & Perkins* and *Jay, Candler & Brush,* for defendants.

ANDREWS, J. With one possible exception, every preliminary objection raised in these proceedings has been heretofore raised in similar proceedings, instituted by the present petitioners, and, after full argument and consideration, has been overruled by Mr. Justice BARRETT, Mr. Justice O'BRIEN, or myself. Most of such objections have been overruled by both of those justices, as well as by me. These decisions have never been reversed or modified, and they must be regarded as the law applicable to these matters. The exception referred to is the objection that the inability of petitioners to acquire title is averred on information and belief This objection was raised before Mr. Justice O'BRIEN, and, as he appointed commissioners of appraisal, he must have overruled it, although it is not referred to in his opinion. However, even if the objection should be treated as a new one, I do not think it is well founded. All that is stated in the statute on this point is that the petition shall be signed and verified according to the rules and practice of the court; and there is no rule of the court now in force prescribing how petitions of this character, or of any other character, shall be verified. The usual practice of the court is, when a petition is to take the place of an affidavit, and is to be used as proof of the facts therein stated, to require that the matters should be stated upon the personal knowledge of the petitioner; though, even in such cases, statements made upon information and belief are received as a basis for judicial action, provided the petitioner states the sources of his information and the grounds of his belief. In many cases, however, a petition merely takes the place of a pleading, and in such cases it is the constant and uniform practice for the court to receive and act upon petitions in which many of the material allegations are made upon information and belief. In my opinion, the petition, upon applications like the present, is to be treated as a pleading; and, whether the provisions of the Code in relation to pleadings do or do not apply, it is sufficient if the allegations are made upon information and belief. If any other rule should prevail, it is evident that railroad corporations would find it almost impossible to ever present such applications to the court. The statute declares that the petition must be signed and verified. The corporation can sign and verify only through its officers or agents. The statute prescribes what the petition shall contain, and from the very nature of the case it would seldom happen that any officer or agent of the corporation could have personal knowledge of all the facts which must be stated in the petition. This is especially true of the allegations of the inability of the corporation to acquire title to the real estate which it seeks to condemn. All the preliminary objections will be overruled, and the court will hear the proofs and allegations of the parties on Tuesday, October 29th, at 3 o'clock in the afternoon.